**BROWN & ROOT, Inc., v. JAQUES.**

**No. 8546.**

Court of Civil Appeals of Texas. Austin.

Oct. 28, 1936.

Greenwood, Moody & Robertson, of Austin, for appellant.

James A. King and Everett L. Looney, both of Austin, for appellee.

BAUGH, Justice.

Appeal is from an order, after hearing, granting to appellee on July 2, 1936, a temporary injunction against appellant, its agents, servants, and employees. The material facts and circumstances are as follows:

In May, 1936, Brown & Root had a contract to clear the reservoir basin above the Buchanan dam of timber and underbrush. Jaques had invented a portable horizontal circular saw operated by a tractor, which he claimed to be particularly adaptable to such work. After some negotiations with Brown & Root he took one of his saws to said area for demonstration to appellant and for the purpose of furnishing, if it proved acceptable, to appellant such number of saws as might be needed in the performance of its contract. Neither the price of such machines nor the number to be purchased was agreed upon, though a figure of approximately $1,000 per unit (saw and tractor) was mentioned. After the demonstration, further negotiations were had in which, according to Jaques, he demanded a price of $950 for each saw attachment alone, without a tractor, a royalty per acre of ground cleared, and a contract which would protect him in his contrivance or invention, application for patent on which was then pending in the United States Patent Office in Washington. Brown & Root thereupon refused to purchase said saws from Jaques, on the ground that his price was unreasonable, and through its shops and mechanics at Houston devised

and began to construct a similar saw to be used on said project. Whereupon this suit was filed by Jaques to enjoin said company from doing so. After a hearing on appellee's amended petition, a temporary injunction was granted as prayed for; hence this appeal.

The suit is in the main grounded upon alleged fraud of appellant in securing through bad faith, treachery, and misrepresentation, the secret principles of his invention, which Jaques had theretofore kept concealed from the public, and thereupon seeking to appropriate such secrets to its own use and benefit. In his original petition, as shown by portions thereof introduced in evidence at the hearing, appellee sought upon a final hearing a judgment for damages as well as for injunction. In his amended petition he sought and obtained only an injunction against appellant restraining it from using, displaying, selling, manufacturing in its own shops, or having manufactured elsewhere, any portable horizontal saw substantially similar to that Jaques had constructed and which he had demonstrated to appellant.

There has also been filed herein an agreement that Jaques was on August 11, 1936, granted letters patent on his invention; that Jaques has since filed, and that there is now pending, in the federal District Court, a suit against appellant for alleged infringement by appellant upon his patent rights and for injunctive relief in that court accordingly. His application for such letters patent was on file in the Patent Office at Washington both at the time he made his demonstration of his machine to appellant on or about May 18, 1936, and at the time this suit was filed.

The inventor of a useful device or article obviously has two courses open to him. He may, at his own risk, himself keep secret the principle or method by which his article is produced or manufactured, and sell his products to the public; or he may obtain a patent on his invention. In the first instance his control of his product depends upon keeping it a trade secret. In the latter, though made public, his rights are protected under the patent laws, and are referable to such laws. Up to the time Jaques was granted a patent, his right to protection of his invention was as a trade secret. As such he was undoubtedly entitled to protection by injunction against its use by any one who had obtained such secret by fraud or breach of a confidential relation. 14 R.C.L. 403; 32 C.J. 157.

If, however, the manufactured article itself, when sold to the public, reveals or discloses the principle or combination of parts by which such article or machine is created or manufactured, the sale thereof to the public, or the placing of same in the hands of the public, in and of itself discloses and makes public the secret by which it is created or manufactured. In which event the sale of the article reveals the trade secret by which it is made. This was manifestly true of the saw in question. It was not such a device as would conceal the secret of its construction. On the contrary, when exposed to the public, it readily revealed the arrangement or combination of well-known mechanical parts by which it was constructed and operated.

 While appellee was, at the time he filed his suit, and at the time of the hearing herein, clearly entitled to enjoin the appellant from using or making public his secret if, as charged, it had procured same through the fraud charged, provided he had no adequate remedy at law. But under appellee's own testimony he was willing to, and offered to, put appellant in possession of such secret, if it would, conditioned upon his demonstration showing the workability and utility of his invention, purchase from him such portable saws as it would need on said project, variously estimated at from 7 to 15. In other words, regardless of good faith or a fraudulent purpose, and under appellee's testimony, had appellant done what appellee said they proposed to do, the extent of his injury, he having proposed to disclose his trade secret for a consideration, would have been the profit he would have received from the sale to appellant of such machines as it would have needed to carry out its contract to clear the reservoir basin of timber. That being true, under his own testimony we think he had an adequate remedy at law in damages and that, absent any showing of insolvency of appellant, the injunction granted was not authorized. There is no intimation in the evidence adduced at the hearing that appellant was undertaking to manufacture or had any intention of manufacturing, such saws for sale to the public, of using such trade secret for any purpose other than to manufacture such saws as it might need in the performance of its contract to clear the Buchanan dam reservoir basin. Under these circumstances, we think it is clear that appellee had, under his own testimony, an ample legal remedy in damages against appellant.

Having secured his patent and entered the federal courts, whose jurisdiction in such matters is exclusive, the continuation of such injunction granted by the state court subsequent to the acquisition of jurisdiction thereof by the federal court has, we think, become a moot question. Inasmuch, however, as the state court had jurisdiction of the controversy prior to the time appellee was granted letters patent on his invention, and in view of the fact that appellee has filed in this court a motion for contempt against appellant for alleged violation by appellant of the injunction granted by the state court against it, we have deemed it proper to pass upon the validity of the injunction appealed from.

For the reasons stated, the judgment appealed from is reversed, and the temporary injunction dissolved.